UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN HART<br>46 West Adam Street<br>Shamokin, PA 17872<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>POLAR TECH INDUSTRIES<br>1014 West Valley Industries<br>Elysburg, PA 17824<br><br>　　　　　Defendant | JURY DEMANDED<br><br>No. |

## CIVIL ACTION COMPLAINT

And now Plaintiff, GLENN HART by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to Title VII of the Civil Rights Act of 1964; as amended, 42 U.S.C. Section 2000(d), et. seq., (Title VII"), and the Pennsylvania Human Relations Act ("PHRA"), have been violated and avers as follows:

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Glenn Hart (hereinafter "Hart"), is an adult individual residing at the above address.

2. Defendant, Polar Tech Industries (hereinafter "Defendant"), is a corporation organized and existing under the laws of Pennsylvania, with a principle place of business at the above address.

3. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4. Mr. Hart exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act filed with the EEOC on August 26, 2020 with a request for dual filing. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5. This action is instituted pursuant to the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, and applicable federal and state law.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Supplemental jurisdiction over Mr. Hart's state law claims is conferred pursuant to 28 U.S.C. § 1367.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Mr. Hart was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Administrative Remedies**

9. On or about June 18, 2020, Mr. Hart filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2020-04511, alleging discrimination from his employer Polar Tech Industries, and dual filed with the Pennsylvania Human Relations Commission ("PHRC").

10. Mr. Hart has been advised of his individual right to bring a civil action by receiving a Notice of Rights from the EEOC, dated August 26, 2020.

11. Mr. Hart has exhausted the administrative remedies available to him, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

### III. Operative Facts.

12. Defendant hired Mr. Hart on June 1, 2019 as a production lineman.

13. Mr. Hart performed all duties asked of him without any complaints or issues and was promoted to Machine Operator.

14. While Mr. Hart was at work, his female co-worker, Amy began to speak in a vulgar manner to him.

15. Mr. Hart asked her to tone it down while at work.

16. Amy then replied, "I've got bigger balls than you."

17. Mr. Hart told Amy that this was impossible because she is a female.

18. Mr. Hart backed away and one of his co-workers immediately went to tell the night supervisor, Ms. Rosenbaum, who told Mr. Hart that he needed to report the incident.

19. The next morning, Mr. Hart went to his main boss, Virginia and told her about what happened.

20. Virginia told him to stay away from Amy and moved Mr. Hart to a new location within the warehouse, but not for another 2-3 weeks following the complaint.

21. Mr. Hart was given completely different duties and was placed on first shift.

22. Although Defendant moved Mr. Hart to first shift, they moved him into a position that he was unable to perform.

23. The first shift position that Defendant moved Mr. Hart into was a fast paced line production positon that required frequent lifting of forty plus pounds.

24. Defendant was aware that Mr. Hart suffered from depression, anxiety and a stomach ulcer.

25. Mr. Hart provided Defendant with a doctor's note stating that he was restricted from lifting anything over ten pounds.

26. The first shift position exacerbated Mr. Hart's depression, anxiety and his stomach ulcer and due to Mr. Hart's increasing symptomology of depression, anxiety and issues with his stomach ulcer, he was unable to continue to meet the demands of this position.

27. From this point on, things at work became unbearable for Mr. Hart, with everyone laughing and joking about him and the incident every time he saw one of them.

28. Mr. Hart was moved to this area in an attempt to "limit interactions" with Amy; however, Mr. Hart continued to be harassed and ridiculed in front of his coworkers.

29. Realizing that the treatment he was receiving would not cease as well as the fact that he was unable to perform his new job, on December 4, 2019, Mr. Hart made the choice to resign from Defendant's employ in order to escape the severe and pervasive discriminatory conduct he was receiving.

**IV. Causes of Action.**

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### HARASSMENT

30. Mr. Hart incorporates the preceding paragraphs as if fully set forth at length herein.

31. Mr. Hart had to endure pervasive and regular harassment from his coworkers when, he was sexually harassed and assaulted by Amy on multiple occasions, was retaliated against by supervisors and was ostracized by his coworkers.

4

32. This harassment by his co-workers detrimentally affected him in that, among other things he suffered physical pain, embarrassment, humiliation, emotional distress, and disruption to his life because of Defendant's actions.

33. The harassment by his coworkers would detrimentally affect a reasonable person for all of the reasons stated herein, as the harassment and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person.

34. The harassment of Mr. Hart by Defendant's employees was willful and intentional.

35. Despite Mr. Hart complaining about these issues to Defendant's supervisors, no meaningful remedial action was taken with respect to the harassment.

36. Mr. Hart's working environment was so unusually adverse that a reasonable employee in his position would have felt compelled to resign.

37. Defendant either intended to force such resignation or had actual knowledge of the intolerable working conditions.

38. This willful, intentional, and unlawful gender-based harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, *et seq.* and requires the imposition of punitive damages.

### COUNT II
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### RETALIATION
### (42 U.S.C.A. § 2000e-3(a))

39. Mr. Hart incorporates the preceding paragraphs as if set forth more fully at length herein.

40. At set forth above, Mr. Hart made complaints about sexual discrimination and harassing conduct in the workplace and as such, Mr. Hart was engaged in protected activity under Title VII of the Civil Rights Act.

41. Defendant took adverse action against Mr. Hart by moving him to a new position that he was incapable of doing as a result of a hernia, a medical condition Defendant was made aware of prior.

42. As set forth above, Mr. Hart participation in protected activity was a motivating factor in Defendant's decision to move Mr. Hart.

43. As such, Defendant's decision to move Mr. Hart's position after making his complaints is a retaliatory action prohibited by the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a)).

44. Mr. Hart's working environment was so unusually adverse that a reasonable employee in his position would have felt compelled to resign.

45. Defendant either intended to force such resignation or had actual knowledge of the intolerable working conditions.

46. As a proximate result of Defendant's conduct, Mr. Hart sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Hart has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

47. As a result of the conduct of Defendant, Mr. Hart hereby demands punitive damages.

48. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Mr. Hart demands attorneys' fees and court costs.

### COUNT III
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### DISPARATE TREATMENT

49. Mr. Hart incorporates the preceding paragraphs as if fully set forth at length herein.

50. Mr. Hart was discriminated against and/or treated differently in his employment with Polar Tech Industries because, as a male, he was subject to disparate treatment.

51. Mr. Hart suffered adverse employment actions as a result of this discrimination, among other things, disciplined for being the victim of sexual assault and harassment, was harassed for making complaints about the workplace, and was subject to unwarranted scrutiny.

52. These adverse employment actions imposed burdens upon Mr. Hart that was not imposed upon the other employees.

53. This willful, intentional, and unlawful sex discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C. § 2000e, *et seq.* and require the imposition of punitive damages.

### COUNT IV
### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT
### DISCRIMINATION
### (43 P.S. § 951, *et seq.*)

54. Mr. Hart incorporates the preceding paragraphs as if fully set forth at length herein.

55. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*, an employer may not discriminate against or harass an employee as a result of that employee's sex.

56. Mr. Hart is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

57. Defendant is Mr. Hart's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

58. Defendant's conduct in pervasively sexually harassing Mr. Hart is an adverse action, was taken as a result of his sex and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

59. As a proximate result of Defendant's conduct, Mr. Hart sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Hart has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

60. As a result of the conduct of Defendant's owners/management, Mr. Hart hereby demands punitive damages.

61. Mr. Hart's working environment was so unusually adverse that a reasonable employee in his position would have felt compelled to resign.

62. Defendant either intended to force such resignation or had actual knowledge of the intolerable working conditions.

63. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*., Mr. Hart demands attorney's fees and court costs.

### COUNT V
### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### RETALIATION
### (43 P.S. § 951, *et. seq.*)

64. Mr. Hart incorporates the preceding paragraphs as if fully set forth at length herein.

65. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not retaliate against an employee as a result that employee engaging in protected activity.

66. Mr. Hart is a qualified employee and person within the definition of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

67. Defendant is Mr. Hart's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

68. Defendant's decision to move Mr. Hart to a position he would not be able to perform, following his sexual harassment complaints, constituted retaliation for engaging in protected activity and not mitigating the sexual harassment that he was receiving while employed by Defendant and therefore was in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

69. Mr. Hart's working environment was so unusually adverse that a reasonable employee in his position would have felt compelled to resign.

70. Defendant either intended to force such resignation or had actual knowledge of the intolerable working conditions.

71. As a proximate result of Defendant's conduct, Mr. Hart sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Hart

has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

72. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Mr. Hart demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Glenn Hart, demands judgment in her favor and against Defendant, Polar Tech Industries, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
**MARY LEMIEUX-FILLERY, ESQUIRE**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19110
Tel.: (267) 546-0132
Fax: (215) 944-6124
Email: Maryf@ericshore.com
*Attorney for Plaintiff, Glenn Hart*

Date: 10/13/20

## VERIFICATION

I, Glenn Hart, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein made are subject to penalty of law, relating to unsworn falsification to authorities.

Sep 28, 2020

(Date Signed)

*Glenn C Hart*
Glenn C Hart (Sep 28, 2020 17:57 EDT)

Glenn Hart